UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

SHUZHONG BAO,                        Case No.: 19-cv-8062
BIBO ZENG,
                *Plaintiffs,*      **VERIFIED COMPLAINT**
     - against-                JURY TRIAL DEMANDED

XUGUANG WANG a/k/a JASON WANG,
YIFEN BAO,
ZOE WANG,
SUNWOO TRADE INC. and
506 PIERMONT AVENUE HOLDING CORP.,
                *Defendants.*
_____

      Plaintiffs SHUZHONG BAO, and BIBO ZENG, by and through their undersigned attorneys, allege upon personal knowledge as to themselves, and upon information and belief as to other matters, the following as their complaint against Defendants XUGUANG WANG a/k/a JASON WANG,YIFEN BAO, ZOE WANG, SUNWOO TRADE INC., and 506 PIERMONT AVENUE HOLDING CORP.

**NATURE OF THE ACTION**

1   This is a civil action for breach of contract, unjust enrichment, and fraud, for which Plaintiffs seek monetary relief, including damages, consequential damages, punitive damages, costs, fees, and interest.

**JURISDICTION AND VENUE**

2. The amount in controversy in this action exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. Further, this controversy is between

citizens of a State and citizens or subjects of a foreign state. Accordingly, this Court has diversity jurisdiction over this action under 28 U.S.C. § 1332.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) because Defendants SUNWOO TRADE INC. and 506 PIERMONT AVENUE HOLDING CORP. resides in this judicial district.

4. In the alternative, venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1391(b)(3) because in this judicial district a substantial part of the events giving rise to the claim occurred.

5. In the alternative, venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1391(b)(3) because the real property located at 506 Piermont Ave, Piermont NY 10968 that is the subject of the action is situated within the jurisdiction of this court.

## THE PARTIES

6. The Plaintiffs, Shushong Bao and Bibo Zeng, are individuals residing in Rockland County, New York.

7. Upon information and belief, the Defendants, XUGUANG WANG a/k/a JASON WANG, YIFEN BAO, and ZOE WANG, are individuals residing in 11 Iron Latch Ct., Upper Saddle River NJ 07458.

8. Upon information and belief, the Defendant SUNWOO TRADE INC., is a corporation which owns two restaurants located at 506 Piermont Ave, Piermont NY 10968.

9. Upon information and belief, the Defendant 506 PIERMONT AVENUE HOLDING CORP., is a corporation which owns the real estate located at 506 Piermont Ave, Piermont NY 10968.

## STATEMENT OF FACTS

10. The Plaintiffs Shushong Bao and Bibo Zeng registered their marriage in Shanghai, China on April 26, 2007. They are both Chinese citizens.

11. Before February 2017, the Plaintiff Shuzhong Bao had continuously settled in Shanghai, China. Later, he settled in New York, USA. Before April 2017 the Plaintiff Bibo Zeng had continuously settled in Shanghai, China. Later, she settled in New York, USA.

12. The Defendant Yifen Bao is the Plaintiff Shuzhong Bao's elder full biological sister, and they have the same parents.

13. The Defendant Xuguang Wang is the Defendant Yifeng Bao's husband. The Defendant Zoe wang is the Defendant Yifen Bao's daughter. The three Defendants are all US citizens settling in the USA.

14. Beginning at the start of 2016, the Defendants Xuguang Wang and Yifen Bao were trying to persuade the Plaintiffs to invest and remit money to them from China. The amount of money they asked for is $775,000.00 (USD).

15. Defendants Xuguang Wang and Yifen Bao have repeatedly promised to the Plaintiffs that the money they invested would be used to purchase a residential property and also for the restaurant business located at 506 Piermont Ave,

3

Piermont, NY 10968. The Defendants Xuguang Wang and Yifen Bao made promises to the Plaintiffs that at this location companies would be headquartered, and as was promised several times both orally and through WeChat messages, the Plaintiffs would receive for their investment of money a total of 50% of the company's ownership shares.

16. As the Defendants are the Plaintiffs' relatives, the Defendants used this relationship to take advantage of the Plaintiffs. An agreement was made between the parties to raise RMB equivalent to $600,000.00 (USD) in China. Besides their own RMB equivalent to $400,000.00 (USD), the Plaintiff Bibo Zeng requested her parents Guibao Zeng and Shuiying Chen to lend her RMB equivalent to $200,000.00 (USD).

17. In May 2016, in order to get detailed information on how their daughter and son-in-law invested to the Defendants, Plaintiff Bibo Zeng's parents traveled to the United States of America to discuss this arrangement face to face with Defendants Xuguang Wang and his wife Yifen Bao. Subsequently, in June 2016 the Plaintiff Bibo Zeng's parents agreed to lend the RMB equivalent to $200,000.00 (USD) to the two Plaintiffs.

18. In June 2016, the Defendant Xuguang Wang and the Defendant Yifeng Bao informed the Plaintiffs to remit $600,000.00 (USD) to the following accounts from China:

   The Defendant Xuguang Wang   Wells Fargo Bank   Account#3138378454

   The Defendant Xuguang Wang   Wells Fargo Bank   Account#2047289919

    The Defendant Zoe Wang    Wells Fargo Bank    Account#3165462486

    The Defendant Yifen Bao    Wells Fargo Bank    Account#5000148337

    The Defendant Yifen Bao    Wells Fargo Bank    Account#3138380773

    The Defendant Yifen Bao    Wells Fargo Bank    Account#2047289919

    The Defendant Yifen Bao    Wells Fargo Bank    Account#2237564162

    The Defendant Yifen Bao    Wells Fargo Bank    Account#8298771588

19. By way of explanation, because of China's control policy for foreign exchange the government allows each resident to exchange and remit the foreign exchange to the foreign county for $50,000 (USD) each year. Accordingly, twelve personal accounts were needed to exchange for US dollars and remit the foreign exchange to the USA.

20. The Plaintiff Bibo Zeng's parents Guibao Zeng and Shuiying Chen directly remitted $200,000.00 (USD) through their own two personal accounts and their two relative and friend's personal accounts to the Defendants.

21. The two Plaintiffs remitted a total of $100,000.00 (USD) after the RMB was exchanged into US dollars through their own two personal accounts. Besides, regarding the remaining $300,000.00 (USD), they transferred the money RMB equivalent to $50,000 (USD) to each of their six (6) relatives and friends. They used their personal account to change the money RMB into $50,000 (USD) and then directly remitted the foreign exchange to the accounts appointed by the Defendants.

22. On 06/08/2016 Guibao Zeng directly remitted $50,000 (USD) borrowed by the

Plaintiff Bibo Zeng to the Defendant Xuguang Wang's Wells Fargo Bank Account#3138378454.

23. On 06/08/2016 Shuiying Chen directly remitted $50,000 (USD) borrowed by the Plaintiff Bibo Zeng to the Defendant Yifen Bao's Wells Fargo Bank Account#5000148337.

24. On 06/08/2016, after receiving the money from the Plaintiff Bibo Zeng, Yihua Bao remitted $50,000 (USD) to the Defendant Yifen Bao's Wells Fargo Bank Account#2237564162.

25. On 06/12/2016 Shuiying Chen remitted the money borrowed by the Plaintiff Bibo Zeng $50,000 (USD) through Xiangfei Wu to the Defendant Yifen Bao's Wells Fargo Bank  Account#3138380773.

26. On 06/12/2016 the Plaintiff himself Zhuzhong Bao remitted $50,000 (USD) to the Defendant Yiffen Bao's  Wells Fargo Bank Account#8298771588.

27. On 06/12/2016 the Plaintiff Bibo Zeng remitted $50,000 (USD) from her own account to the Defendant Xuguang Wang's Wells Fargo Bank Account#2047289919.

28. On 06/12/2016 the Plaintiff Shuzhong Bao remitted $50,000 (USD) through his father Mingyao Bao's personal account to the Defendant Zoe Wang's Wells Fargo Bank  Account#3165462486.

29. On 06/13/2016  Shuiying Chen remitted the money borrowed by the Plaintiff Bibo Zeng $50,000 (USD)through Yuangu Jian to the Defendant Yifen Bao's Wells Fargo Bank  Account#2047289919.

6

30. On 10/18/2016 the Plaintiff Bibo Zeng remitted $50,000 (USD) through Liqun Xue's personal account to the Defendant Yifen Bao's Wells Fargo Bank Account#3138380773.

31. On 10/19/2016 the Plaintiff Bibo Zeng remitted $50,000 (USD) through Hongbo Xia's personal account to the Defendant Yifen Bao's Wells Fargo Bank Account#8298771588.

32. On 11/02/2016 the Plaintiff Bibo Zeng remitted $50,000 (USD) through Qianghua Rao's personal account to the Defendant Yifen Bao's Wells Fargo Bank Account#2237564162.

33. On 11/02/2016 the Plaintiff Bibo Zeng remitted $50,000 (USD) through Qinyun Sun's personal account to the Defendant Yifen Bao's Wells Fargo Bank Account#5000148337.

34. Regarding the above-stated facts, the Plaintiffs have the bank's transfer voucher in China and the foreign exchange remittance receipts for remitting money to the three Defendants. In addition, the testimonies of the relevant people can be taken as proof.

35. In 2016, the Defendant Xuguang Wang established his company – the Defendant 506 Piermont Avenue Holding Corp. The Defendant Xuguang Wang himself holds 100% of the company's shares.

36. On October 20, 2016 the Defendant 's company 506 Piermont Avenue Holding Corp. purchased a three-floor house located at 506 Piermont Ave, Piermont NY 10968. On the ground floor, there are two restaurants and the second and third

floors are residential. The Plaintiffs reside in the second floor of the property at 506 Piermont Ave, Piermont NY 10968.

37. On October 20, 2016 the Defendant Xuguang Wang purchased the two restaurants Freelance Café and Xaviar's located at 506 Piermont Ave, Piermont NY 10968.

38. The Defendant Xuguang Wang established the Defendants' Sunwoo Trade Inc. The Defendant Xuguang Wang himself holds 100% of the company's shares.

39. The Defendants' Sunwoo Trade Inc. is the holding corporation of the restaurant Freelance Café and the restaurant Xaviar's. The restaurant Xaviar's has changed its name, and is now called The Kitchen and is located in Piermont, NY.

40. After the Plaintiff Shuzhong Bao came to USA in February 2017, the Defendant Xuguang Wang and the Defendant Yifan Bao stated that they were not contented with the $600,000.00 (USD) (the money for investment). Stating that the operation of the two restaurants located at 506 Piermont Ave, Piermont, NY10968 was in need of additional investment, they repeatedly asked for additional investment from the two Plaintiffs.

41. The Defendant Xuguang Wang and the Defendant Yifen Bao continued to promise orally that they would give the Plaintiffs the shares of the real estate and two restaurants located at 506 Piermont Ave, Piermont NY 10968. That means they can hold 50% of the shares of the Defendant 506 Piermont Avenue Holding Corp which owns the real estate as well as 50% of the shares of the Defendants' Sunwoo Trade Inc. which owns two restaurants.

42. Out of their trust for their relatives, the two Plaintiffs agreed to make additional

investment in the two restaurants. From March 15, 2017 to January 22, 2018 they invested a total of $267,000.00 (USD) in the Defendants' Sunwoo Trade Inc, which owns two restaurants.

43. From March 15, 2017 to January 22, 2018 the Plaintiff Shuzhong Bao wrote out checks twelve times from his bank account in USA (M&T Bank Account Number 9867548902) to transfer $267,000.00 (USD) to the company's account of the Defendants' Sunwoo Trade Inc – M&T Bank Account Number 9869969650.

44. On March 15, 2017 the Plaintiff Shuzhong Bao used a check from his bank account in USA (M&T Bank Account Number 9867548902) to transfer $20,000.00 (USD) to the Defendants' Sunwoo Trade Inc.'s account M&T Bank Account Number 9869969650.

45. On March 23, 2017 the Plaintiff Shuzhong Bao used a check from his bank account in USA (M&T Bank Account Number 9867548902) to transfer $25,000.00 (USD) to the Defendants' Sunwoo Trade Inc.'s account M&T Bank Account Number 9869969650.

46. On June 26, 2017 the Plaintiff Shuzhong Bao used a check from his bank account in USA (M&T Bank Account Number 9867548902) to transfer three thousand US dollars to the Defendants' Sunwoo Trade Inc.'s account M&T Bank Account Number 9869969650.

47. On June 29, 2017 the Plaintiff Shuzhong Bao used a check from his bank account in USA (M&T Bank Account Number 9867548902) to transfer $10,000.00 (USD) to the Defendants' Sunwoo Trade Inc.'s account M&T Bank Account Number

9869969650.

48. On July 7, 2017 the Plaintiff Shuzhong Bao used a check from his bank account in USA (M&T Bank Account Number 9867548902) to transfer $9,000.00 (USD) to the Defendants' Sunwoo Trade Inc.'s account M&T Bank Account Number 9869969650.

49. On July 20, 2017 the Plaintiff Shuzhong Bao used a check from his bank account in USA (M&T Bank Account Number 9867548902) to transfer $50,000.00 (USD) to the Defendants' Sunwoo Trade Inc.'s account M&T Bank Account Number 9869969650.

50. On September 18, 2017 the Plaintiff Shuzhong Bao used a check from his bank account in USA (M&T Bank Account Number 9867548902) to transfer $50,000.00 (USD) to the Defendants' Sunwoo Trade Inc.'s account M&T Bank Account Number 9869969650.

51. On October 4, 2017 the Plaintiff Shuzhong Bao used a check from his bank account in USA (M&T Bank Account Number 9867548902) to transfer $15,000.00 (USD) US dollars to the Defendants' Sunwoo Trade Inc.'s bank account, M&T Bank Account Number 9869969650.

52. On November 8, 2017 the Plaintiff Shuzhong Bao used a check from his bank account in USA (M&T Bank Account Number 9867548902) to transfer $5,000.00 (USD) US dollars to the Defendants' Sunwoo Trade Inc.'s account M&T Bank Account Number 9869969650.

53. On December 1, 2017 the Plaintiff Shuzhong Bao used a check from his bank

account in USA (M&T Bank Account Number 9867548902) to transfer $20,000.00 (USD) to the Defendants' Sunwoo Trade Inc.'s account M&T Bank Account Number 9869969650.

54. On December 20, 2017 the Plaintiff Shuzhong Bao used a check from his bank account in USA (M&T Bank Account Number 9867548902) to transfer $20,000.00 (USD) to the Defendants' Sunwoo Trade Inc.'s account M&T Bank Account Number 9869969650.

55. On January 22, 2018 the Plaintiff Shuzhong Bao used a check from his bank account in USA (M&T Bank Account Number 9867548902) to transfer $40,000.00 (USD) to the Defendants' Sunwoo Trade Inc.'s account M&T Bank Account Number 9869969650.

56. After the two Plaintiffs made an additional investment of $267,000.00 (USD) by January 22, 2018, the Defendant Xuguang Wang didn't give the two Plaintiff the companies' shares as was promised by him, and produced several excuses such as that the company's accountant said the company's shareholder cannot be added or said that the company's lending bank did not consent to the addition of the company's shareholder. However, the Defendants never let the two Plaintiffs meet with the company's accountant or the clerks of the lending bank so that they are in no position to know the actual situation.

57. For a long time, the Plaintiffs asked for the company's shares but in vain and gradually the Plaintiffs feel it is impossible for them to obtain the company's shares. Then, they are very worried that the money of investment will not be

returned to them. Therefore, on May 16, 2018 through WeChat, the Plaintiff Shuzhong Bao sent the drafted borrowing contract to the Defendant Xuguang Wang and the Defendant Yifan Bao and requested them to give their signatures and confirm that they had received $600,000.00 (USD) in 2016 and also requested them to give their signatures and confirm that they had received $270,000.00 (USD) after February 2017 remitted by the Plaintiffs. They also asked them to promise to return all the money to the Plaintiffs before December 31, 2018. After the two Defendants received through WeChat the pictures for the two borrowing contracts, they refused to give their signatures.

58. On January 24, 2019, in response to verbal protests by the Plaintiffs, the Defendant Xuguang Wang sent a "**RECEIPT**" from his personal email address [jason0108@msn.com](mailto:jason0108@msn.com) to Shuzhong Bao's personal email address [13321857927@163.com](mailto:13321857927@163.com). That receipt was written signed by the Defendant Xuguang Wang and the Defendant Xuguang Wang's signature is "Jason Wang".

59. The contents of the "**RECEIPT**" are: *"Received 0.6 million US dollars as the money for investment from Shuzhong Bao, used to purchase the real estate located at 506 Piermont Ave Piermont NY 10968. For this, the company 506 Piermont Holding Inc. and the company Sunwoo Trade Inc, which owns the restaurants Freelance Café and the restaurant Xaviars which was later renamed the Kitchen in the Hudson Valley were established. If the business and the real estate are sold out, Mr. Bao's $600,000.00 (USD) (money for investment) will be returned preferentially. Regarding the loss for both parties, it*

*will be settled through friendly negotiations between the two parties."*

60. As the above-mentioned "**RECEIPT**" does not establish the position of the Plaintiffs as shareholders and does not establish their investment rights and interests, does not fix the specific time for returning the money and does not mention the $270,000.00 (USD) of investment fund, the two Plaintiffs continue to ask the Defendants to return their money.

61. At a later date, the Defendant Xuguang Wang and the Defendant Yifan Bao promised orally several times that they would sell their real estate of the family at several places to return the money to the two Plaintiffs.

62. In July 2019 the Defendant Xuguang Wang and the Defendant Yifan Bao sold real estate owned by their family at Seattle and they obtained more than $300.000.00(USD) in cash proceeds from the sale.

63. In August 2019, the Defendant Xuguang Wang and the Defendant Yifan Bao again rejected the Plaintiffs' demands to use the money they obtained through selling their real estate to satisfy their debt obligation to the two Plaintiffs. To the contrary, the Defendants instead began to utter unkind words to the Plaintiffs in response to their demands.

64. To date, the Defendants have not provided or repaid any of the Investment Funds to satisfy their outstanding debt to the Plaintiffs.

65. To date, the Defendants have not given any company ownership shares to the Plaintiffs and have to the Plaintiffs.

66. The Defendants currently owe Plaintiffs a debt in the amount of $867.000.00

(USD), the total amount of Investment Funds that was provided to the Defendants by the Plaintiffs.

67. In total, Plaintiffs are entitled to recover of Defendants $867.000.00(USD), plus costs, fees, and interest, and any such other relief as deemed appropriate by the Court.

## FIRST COUNT

## Breach of Contract

68. Plaintiffs re-allege and incorporate by reference all allegations in all proceeding paragraphs as if fully set forth herein.

69. Since the year of 2016, Defendants have all the time promised by oral or written statements to the Plaintiffs that the money they invested would be used to purchase the housing property and for the restaurant business located at 506 Piermont Ave, Piermont, NY 10968 and promised because of the investment by the Plaintiffs, Plaintiffs will obtain 50% of the companies' shares.

70. Defendants are holding the invested fund of the Plaintiffs, but failed to fulfill the obligations as described in the agreements, and have communicated the intent to fail the obligation to give the companies' shares or return these funds.

71. Accordingly, the Defendants have breached the above-referenced duly established oral contract with the Plaintiffs.

72. Wherefore, Plaintiffs demand judgment against Defendants in the amount of $867.000.00(USD), plus consequential damages, punitive damages, costs, fees,

and interest, and any such other relief as deemed appropriate by the Court.

## SECOND COUNT

### Unjust Enrichment

73. The Plaintiffs re-allege and incorporate by reference all allegations in all proceeding paragraphs as if fully set forth herein.

74. The Plaintiffs have transferred to Defendants possession of certain subject funds.

75. The subject funds were provided based upon Defendants' representation that they would provide the Plaintiffs a 50% share of the equity of these companies.

76. As of this date, the Defendants are still in possession of the subject funds and have refused all of the Plaintiffs' demands for repayment.

77. The Defendants are wrongfully withholding the subject funds and have refused to return them to the Plaintiffs despite the Plaintiffs' demands for the return of their funds.

78. As a result of Defendants' withholding of these funds, they have been unjustly enriched of the Plaintiffs' money in the amounts set forth herein.

79. Wherefore, Plaintiffs demand judgment against Defendants in the amount of $867.000.00(USD), plus consequential damages, punitive damages, costs, fees, and interest, and any such other relief as deemed appropriate by the Court.

## THIRD COUNT

### Fraud

80. Plaintiffs re-allege and incorporate by reference all allegations in all proceeding paragraphs as if fully set forth herein.

81. The subject funds of the Plaintiffs' were provided based upon the Defendants' fraudulently induced representation that the Plaintiffs would be given the 50% shares of the companies.

82. The Defendants have intentionally misrepresented facts and their intentions in order to mislead the Plaintiffs into providing the Defendants with a large amount of money.

83. The Defendants have wrongfully and without legal right refused Plaintiffs' requests to return the subject funds.

84. Wherefore, the Plaintiffs demand judgment against the Defendants in the amount of $867.000.00(USD), plus consequential damages, punitive damages, costs, fees, and interest, and any such other relief as deemed appropriate by the Court.

**WHEREFORE,** the Plaintiffs request the following relief against the Defendants:

a) On the First Count, the Plaintiffs demand judgment against the Defendants in the amount of $867.000.00(USD), plus consequential damages, punitive damages, costs, fees, and interest, and any such other relief as deemed appropriate by the Court;

b) On the Second Count, the Plaintiffs demand judgment against the Defendants in the amount of $867.000.00(USD), plus consequential damages, punitive

damages, costs, fees, and interest, and any such other relief as deemed appropriate by the Court; and

c) On the Third Count, demand judgment against the Defendants in the amount of $867.000.00(USD), plus consequential damages, punitive damages, costs, fees, and interest, and any such other relief as deemed appropriate by the Court.

## JURY TRIAL DEMAND

Plaintiffs, as provided by Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury in the above-captioned matter.

Dated: August 27, 2019
     New York, New York

                JW PRACTICE GROUP  LLC.

        By:__/s/ Curt Donald Schmidt___

            Curt D. Schmidt, Esq.

           *Of counsel*,

           **Attorneys for Plaintiffs**
           136-20 38th Ave. 3A1
           Flushing NyY11354
           Tel:(516)208-4562
           Fax:(866)728-3634
           yiweilawfirm@gmail.com