UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

Bao et al.,

                      Plaintiffs,                  **ORDER**

      -against-                                  19 Civ. 8062 (AEK)

Wang et al.,

                      Defendants.
---------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      The schedule for briefing of plaintiffs' motion to prevent the dissipation of certain assets, ECF No. 54, has become quite confused. Among other things, this Order hereby resets those deadlines.

      The undersigned originally set a schedule for plaintiffs' motion at the August 16, 2021 status conference in this matter, based on a discussion with the parties about an appropriate schedule. *See* Minute Entry dated 8/16/21. On August 25, 2021—the original due date for the motion— plaintiffs submitted a letter motion requesting a two-week extension of the briefing schedule. ECF No. 52. This application failed to comply with the Court's Individual Practices, which require that any requests for extensions or adjournments state "whether all affected parties consent, and, if not, the reasons given by the party or parties for refusing to consent. *See* Individual Practices, § 1.D. The application also did not explain why plaintiffs' counsel waited until the day the brief was due to request the extension—while the application included various reasonable grounds for seeking additional time, none of those explanations suggested that the application could not have been made sooner. Nevertheless, the Court granted the application on August 26, 2021, and the briefing schedule was revised, with plaintiffs' submission due to be

filed on September 8, 2021, defendants' opposition due October 1, 2021, and plaintiffs' reply due October 7, 2021.  ECF No. 53.

But Plaintiffs did not file their motion on September 8, 2021.  Instead, the motion was filed on September 15, 2021, *see* ECF No. 54, with an attached "letter request" seeking a *nunc pro tunc* extension of plaintiffs' filing deadline and subsequent briefing deadlines.  ECF No. 54-1.  Setting aside the fact that such an application should have been filed as a separate ECF event rather than as an attachment to motion, there is again no indication in this application that plaintiffs' counsel consulted with defendants' counsel before taking this unilateral action.  That said, defendants' counsel has not objected to the late filing, and based on his most recent filing, appears prepared to address the motion on the merits.  Accordingly, plaintiffs' request to extend their deadline, *nunc pro tunc*, to file the motion to prevent the dissipation of certain assets is GRANTED, and the September 15, 2021 filing is accepted.

Counsel for defendants filed a letter motion for an extension on September 23, 2021; the letter motion refers to a deadline of October 14 (presumably, plaintiffs' requested reply deadline) rather than to defendants' own deadline to file an opposition to the motion.  This letter motion also does not note plaintiffs' position on the application, though counsel does indicate that he consents "to any/all adjournment requests submitted by Mr. Curt D. Schmidt, Esq."  ECF No. 57.  The Court will interpret this as defendants' retroactive consent to all prior requests made by plaintiffs' counsel; if there are future requests for extensions, this statement in defendants' September 23, 2021 letter does not relieve plaintiffs' counsel of the obligation to report on defendants' position with respect to those extension requests.

Defendants' request for a 30-day extension of the briefing schedule is GRANTED.  Accordingly, Defendants' opposition to plaintiffs' motion to present the dissipation of certain

assets must be filed on or before November 8, 2021.  Plaintiffs' reply, if any, must be filed by November 15, 2021.  While Mr. Stone's letter refers to the motion being "returnable" on a particular date, to be clear, the Court does not expect the parties to appear for any sort of proceeding upon completion of the briefing.  To the extent the Court wants to schedule argument on the motion or a further conference in this matter, the Court will issue a separate scheduling order.

With a bench trial planned for March 2022 in this matter, there will be many submissions to the Court in the months ahead.  Counsel are hereby placed on notice that the Court expects all deadlines and procedures to be strictly adhered to going forward.  The Court certainly will entertain requests for extension of time as needed, but those requests must be submitted before the day of, or the expiration of, the relevant deadline, and must comply with the Court's Individual Practices.  Failure to do either of these things may result in denial of the application for an extension and, potentially, rejection of any late-filed materials.

The Clerk of the Court is respectfully directed to terminate the letter motion at ECF No. 57.

Dated:  September 24, 2021
        White Plains, New York

                                                           **SO ORDERED.**

                                                           ANDREW E. KRAUSE
                                                           United States Magistrate Judge