UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

SHUZHONG BAO, *et al.*,

                            Plaintiffs,                          **OPINION AND ORDER**

              -against-                               19-cv-8062 (AEK)

XUGUANG WANG *a.k.a.* JASON WANG, *et al.*,

                            Defendants.

---------------------------------------------------------------------X

**THE HONORABLE ANDREW KRAUSE, U.S.M.J.[1]**

        Plaintiffs Shuzhong Bao and Bibo Zeng ("Plaintiffs") bring this action for breach of contract, unjust enrichment, and fraud against Defendants Xuguang Wang, *a.k.a.* Jason Wang, Yifen Bao, Zoe Wang, Sunwoo Trade Inc., and 506 Piermont Avenue Holding Corp. ("Defendants").  On September 15, 2021, Plaintiffs filed a "Motion for Restraint and Attachment o[f] Assets," which sought a preliminary injunction to prevent the transfer or dissipation of two properties owned by Defendants; or, alternatively, the restraint of Defendants' assets under New York C.P.L.R. § 5229, and an order of attachment under C.P.L.R. § 6201.  ECF No. 54. Defendants filed their partial opposition on November 8, 2021; in that submission, Defendants specifically stated that they "do not object to attachment of the business property in issue located at 506 Piermont Avenue, Piermont, New York."  ECF No. 59 at 4.  Plaintiffs did not file a reply. *See* ECF No. 60.  For the reasons that follow, Plaintiffs' motion is GRANTED IN PART AND DENIED IN PART.

---

[1] The parties have consented to the Court's jurisdiction pursuant to 28 U.S.C. § 636(c). ECF No. 49.

## BACKGROUND

Plaintiffs did not submit any declarations, affidavits, or other factual information in support of their motion; as a result, the information in this "Background" section is drawn from the allegations in the complaint.  Plaintiffs are a married couple, and are both Chinese citizens. ECF No. 1 ("Compl.") ¶ 10.  They moved to New York from China in 2017.  Compl. ¶ 11. Defendant Yifen Bao is Plaintiff Shuzhong Bao's elder sister, and Defendant Jason Wang is Yifen Bao's husband.  Compl. ¶¶ 12-13.  Defendant Zoe Wang is Jason Wang and Yifen Bao's daughter.  Compl. ¶ 13.  All three individual defendants are American citizens and reside in the United States.  *Id.*

According to the complaint, beginning in early 2016, Defendants Jason Wang and Yifen Bao persuaded Plaintiffs to send them the equivalent of $775,000 from China, where Plaintiffs lived at the time.  Compl. ¶ 14.  Defendants Jason Wang and Yifen Bao allegedly promised the Plaintiffs that this money would be used to purchase a residential property and a restaurant located at 506 Piermont Avenue in Piermont, New York.  Compl. ¶ 15.  Defendants Jason Wang and Yifen Bao allegedly told Plaintiffs "orally and through WeChat messages" that in exchange for Plaintiffs' investment, they would receive a 50 percent ownership stake in the restaurant business.  *Id.*  Plaintiffs allege that they subsequently remitted $400,000 of their own money, as well as $200,000 from Ms. Zeng's parents, to twelve Wells Fargo bank accounts in the names of Defendants Jason Wang, Yifen Bao, and Zoe Wang.  Compl. ¶¶ 16-18.

The complaint states that Defendant Jason Wang established Defendant 506 Piermont Avenue Holding Corp. ("Piermont Holding") in 2016, and that Jason Wang holds 100 percent of the company's shares.  Compl. ¶ 35.  On October 20, 2016, Defendant Piermont Holding allegedly purchased the property at 506 Piermont Avenue, which had two restaurants on the

ground floor and residential space on the second and third floors; Defendant Jason Wang allegedly purchased the two restaurants on the ground floor on the same day.  Compl. ¶¶ 36-37. Plaintiffs allege that Defendant Jason Wang subsequently established a separate holding company, Defendant Sunwoo Trade Inc., which owns the two restaurants located at 506 Piermont Avenue.  Compl. ¶¶ 38-39.  According to Plaintiffs, Defendant Jason Wang is the sole shareholder of Defendant Sunwoo Trade Inc.

After Plaintiff Shuzhong Bao arrived in the United States in February 2017, Defendants Jason Wang and Yifen Bao allegedly asked Plaintiffs for more money.  Compl. ¶ 40.  Plaintiffs assert that Defendants Jason Wang and Yifen Bao orally promised Plaintiffs that in exchange for these additional funds, they would give Plaintiffs 50 percent of the shares of both Piermont Holding and Sunwoo Trade Inc.  Compl. ¶ 41.  Between March 15, 2017, and January 22, 2018, Plaintiffs allegedly remitted another $267,000 to Defendant Sunwoo Trade Inc.  *See* Compl. ¶¶ 42-55.  Plaintiffs allege that after these payments, Defendants still did not give Plaintiffs shares in the companies.  Compl. ¶ 56.  Plaintiffs now demand that Defendants give back the $867,000 Plaintiffs allegedly transferred to them.  Compl. ¶¶ 64-67.

Plaintiffs assert that in addition to the property at 506 Piermont Avenue, Defendants Jason Wang and Yifen Bao own a residence at 11 Iron Latch Court in Saddle River, New Jersey. ECF No. 54 at 3.  Plaintiffs also allege that Defendants Jason Wang and Yifen Bao sold two properties in the past three years: a property on Bainbridge Island, Washington in June 2019, which Plaintiffs allege netted Defendants Jason Wang and Yifen Bao approximately $370,000; and a property on Mercer Island, Washington in April 2020, which allegedly netted them $800,000.  *Id.*  According to Plaintiffs, Defendants Jason Wang and Yifen Bao rejected

Plaintiffs' demand that they repay Plaintiffs using the profits from their real estate transactions. *Id.*

Plaintiffs now seek to restrain Defendants from transferring or dissipating two real property assets: the residential/commercial property located at 506 Piermont Avenue in Piermont, New York, and Defendants' residence at 11 Iron Latch Court in Saddle River, New Jersey. ECF No. 54 at 1. As previously noted, Defendants do not object to attachment of the real property at 506 Piermont Avenue, as the property is the location of the businesses that are central to the issues in this lawsuit. ECF No. 59 at 2. Defendants do object, however, to attachment of the 11 Iron Latch Court property, which they maintain has no connection whatsoever to Plaintiffs' claims. *Id.*

## APPLICABLE LEGAL PRINCIPLES

### I.    Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. NRDC*, 555 U.S. 7, 24 (2008). To justify a preliminary injunction, a movant must demonstrate "(1) irreparable harm absent injunctive relief; (2) either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor; and (3) that the public's interest weighs in favor of granting an injunction." *Metro. Taxicab Bd. of Trade v. City of New York*, 615 F.3d 152, 156 (2d Cir. 2010) (citation and quotation marks omitted).

"Courts in this circuit have granted preliminary injunctions in cases seeking monetary relief if the non-movant's assets may be dissipated before final relief can be granted, or where the non-movant threatens to remove its assets from the court's jurisdiction." *Westchester Fire Ins. Co. v. DeNovo Constructors, Inc.*, 177 F. Supp. 3d 810, 812 (S.D.N.Y. 2016) (quotation

marks omitted); *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 147 F.R.D. 66, 68

(S.D.N.Y. 1993) (irreparable injury is established if the assets the movant seeks are "likely to

disappear unless the application is granted").  But if the movant makes no showing that there is a

danger of depletion of assets, or that assets are likely to disappear, the movant is not entitled to a

preliminary injunction.  *See Westchester Fire*, 177 F. Supp. 3d at 814.

## II.    Restraint of Assets Under C.P.L.R. § 5229

Rule 64(a) of the Federal Rules of Civil Procedure provides that "[a]t the commencement

of and throughout an action, every remedy is available that, under the law of the state where the

court is located, provides for seizing a person or property to secure satisfaction of the potential

judgment."  Under C.P.L.R. § 5229, "[i]n any court, before a judgment is entered, upon motion

of the party *in whose favor a verdict or decision has been rendered*, the trial judge may order

examination of the adverse party and order him restrained with the same effect as if a restraining

notice had been served upon him after judgment."  The purpose of C.P.L.R. § 5229 is "to prevent

an adverse party from disposing of assets in order to avoid judgment."  *Gallegos v. Elite Model

Mgmt. Corp.*, 768 N.Y.S.2d 134, 135 (Sup. Ct. 2003) (N.Y. Cnty.).  As C.P.L.R. § 5229 "is

designed to secure satisfaction of the judgment ultimately to be entered in the action . . . [and]

has substantially the same effect as an attachment and seizure of property," it is a remedy within

the meaning of Rule 64.  *Sequa Capital Corp. v. Nave*, 921 F. Supp. 1072, 1076 (S.D.N.Y. 1996)

(citations and quotation marks omitted); *see also Demirovic v. Ortega*, 296 F. Supp. 3d 477, 481

(E.D.N.Y. 2017).

The only prerequisite to obtaining the relief contemplated by C.P.L.R. § 5229 is that the

party seeking relief must have *already* obtained a favorable verdict or decision.  *See Morozov v.

ICOBOX Hub Inc.*, No. 18-cv-3421 (GBD) (SLC), 2020 WL 5665563, at *3 (S.D.N.Y. Aug. 18,

2020).  According to the Third Report to the New York Legislature regarding this section of the

C.P.L.R., section 5229 "authorizes the examination of an adverse party and the granting of a

restraining order against him *immediately after the rendition of a verdict or decision*, to prevent

the divesting of assets before the judgment is entered."

### III.    Order of Attachment Under C.P.L.R. § 6201(3)

Attachment pursuant to C.P.L.R. § 6201(3) is another remedy that is available in federal

court pursuant to Rule 64(a).  *Capital Ventures Int'l v. Republic of Argentina*, 443 F.3d 214, 218-

19 (2d Cir. 2006); *Coley v. Vannguard Urban Improvement Ass'n, Inc.*, No. 12-CV-5565 (PKC)

(RER), 2016 WL 7217641, at *7 (E.D.N.Y. Dec. 13, 2016).  Under C.P.L.R. § 6201(3),

attachment may be granted to a plaintiff who has demanded a money judgment when the

defendant, "with intent to defraud his creditors or frustrate the enforcement of a judgment that

might be rendered in plaintiff's favor, has assigned, disposed of, encumbered, or secreted

property, or removed it from the state or is about to do any of these acts."  "A plaintiff seeking an

order of attachment must show that there is a cause of action, that it is probable that the plaintiff

will succeed on the merits, that one or more grounds for attachment provided in Section 6201

exist, and that the amount demanded from the defendant exceeds all counterclaims known to the

plaintiff."  *Capital Ventures*, 443 F.3d at 219 (quoting C.P.L.R. § 6212(a) (which sets forth the

requirements for a motion for an order of attachment)).  Attachment is "a drastic remedy,"

however, and "C.P.L.R. § 6201 is strictly construed in favor of those against whom it may be

employed."  *Northeast United Corp. v. Lewis*, 137 A.D.3d 1387, 1388 (N.Y. App. Div. 2016) (3d

Dep't) (quotation marks omitted); *see Gen. Textile Printing & Processing Corp. v. Expromtorg

Int'l Corp.*, 862 F. Supp. 1070, 1073 (S.D.N.Y. 1994) ("Attachment is a harsh remedy, and

should not be lightly granted by the court.").

To obtain an order of attachment pursuant to C.P.L.R. § 6201(3), "it is incumbent upon [the plaintiff] to demonstrate that the defendant is acting with intent to defraud." *Brastex Corp. v. Allen Int'l, Inc.*, 702 F.2d 326, 331 (2d Cir. 1983); *Coley*, 2016 WL 7217641, at *7. "Fraud is not lightly inferred, and the moving papers must contain evidentiary facts—as opposed to conclusions—proving the fraud." *Brastex Corp.*, 702 F.2d at 331-32. "It is not sufficient to submit affidavits containing allegations that merely raise suspicions of fraudulent intent; rather it must appear that such fraudulent intent really existed in the defendant's mind." *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. and Trade Servs., Inc.*, 306 F. Supp. 2d 482, 487 (S.D.N.Y. 2004) (quotation marks and alteration omitted). Given that "direct evidence of an intent to defraud or frustrate the enforcement of a judgment is rare, the intent required under C.P.L.R. § 6201(3) is usually inferred from the circumstances." *Id.*

## DISCUSSION

As an initial matter, because Defendants do not object to attachment of the property located at 506 Piermont Avenue, the Court deems that portion of Plaintiffs' motion to be unopposed, and grants the relief requested by Plaintiffs as to the 506 Piermont Avenue property. Defendants are hereby enjoined from disposing of or encumbering that property prior to the final disposition of this lawsuit, absent the express written consent of Plaintiffs.

All of Plaintiffs' requested relief as to the 11 Iron Latch Court property, however, is denied. Among other things, Plaintiffs have failed in this motion to show a risk of irreparable harm absent injunctive relief, have not yet satisfied the threshold requirement of C.P.L.R. § 5229, and have not demonstrated the requisite intent to defraud under C.P.L.R. § 6201(3).

I.      **Plaintiff's Request for a Preliminary Injunction**

Plaintiffs' request for a preliminary injunction to prevent the sale or transfer of the 11 Iron Latch Court property is denied.  Plaintiffs' application does not satisfy, or even substantively address, the four factors articulated by the Supreme Court in *Winter*.[2]  *See* 555 U.S. at 20.  The analysis here need not go beyond the first prong of the *Winter* standard, because Plaintiffs have not demonstrated that there is a risk of irreparable harm if the Court does not restrain the transfer or sale of the 11 Iron Latch Court property.  "Because a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered."  *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990) (citations and quotation marks omitted).  In order to make this showing, "plaintiffs must demonstrate an injury that is neither remote nor speculative, but actual and imminent."  *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 974-75 (2d Cir. 1989).  Moreover, "the alleged injury must be one incapable of being fully remedied by monetary damages."  *Reuters Ltd.*, 903 F.2d at 907.  Plaintiffs do not make any of the required showings here.

Plaintiffs did not provide sufficient information to show why they would suffer irreparable harm without injunctive relief, particularly given that the complaint strongly suggests

_____

[2] As to the question of whether the Court even has the authority to grant a preliminary injunction in this matter under Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs assert that federal courts have the equitable authority to issue a prejudgment asset freeze "where the plaintiff is pursuing a claim for final equitable relief, and the preliminary injunction is ancillary to the final relief."  ECF No. 54 at 5 (quoting *Gucci America, Inc. v. Weixing Li*, 768 F.3d 122, 131 (2d Cir. 2014)).  The complaint here appears to seek only monetary damages, rather than equitable relief.  But it is unnecessary for the Court to explore this in any greater detail, because Plaintiffs' request for a preliminary injunction fails at the first prong.

that their alleged injury is capable of being fully remedied by an award of monetary damages.

Plaintiffs' application provided no affidavits or exhibits to describe their potential harm, to

indicate even a basis for suspicion that Defendants Jason Wang and Yifen Bao have any

intention to try to sell or otherwise transfer ownership of the 11 Iron Latch Court property, or to

suggest why the potential cash proceeds of any such sale or transfer would not be sufficient to

satisfy a judgment in their favor.  *See* Local Civil Rule 7.1 (all motions filed in the Southern

District of New York are to include "[s]upporting affidavits and exhibits thereto containing

factual information and portions of the record necessary for the decision of the motion.").

Instead, Plaintiffs simply included a "Background" section in the motion that generally repeats

the allegations in their complaint, none of which show that immediate and irreparable loss,

injury, or damage will result to Plaintiffs absent an injunction.  *See* ECF No. 54 at 1-4.[3]

Although Plaintiffs provide limited information about the assets they seek to restrain, they do not

articulate anywhere why they seek to restrain them, or why they believe there is an "actual and

imminent" threat of injury.  As a result, the Court is left to speculate on the reasons why

Plaintiffs believe a preliminary injunction is necessary.  With so little information at its disposal,

however, the Court is unwilling to fill in the gaps.

## II.    Plaintiff's Request to Restrain Assets Under C.P.L.R. § 5229

Plaintiffs request for relief pursuant C.P.L.R. § 5229 must also be denied.  Quite simply,

Plaintiffs have not satisfied the threshold requirement set forth in the plain language of C.P.L.R.

§ 5229: that the relief may be ordered "upon motion of the party in whose favor a verdict or

---

[3] A recitation of the allegations in the complaint—allegations that Defendants have denied—without more, is also wholly insufficient to demonstrate that Plaintiffs are likely to succeed on the merits of their claims.  The request for a preliminary injunction would fail on that basis as well.

decision has been rendered." No such verdict or decision has been rendered here. While Plaintiffs vaguely assert that "this case does satisfy the requirements," that is plainly not accurate, and Plaintiffs do not point to any other authority suggesting that relief under C.P.L.R. § 5229 has been provided in advance of trial and in the absence of summary judgment.

### III.     Plaintiff's Request for an Order of Attachment Under C.P.L.R. § 6201(3)

Finally, Plaintiffs' request for an order of attachment under C.P.L.R. § 6201(3) also is denied. Plaintiffs have not satisfied all of the required elements articulated in C.P.L.R. § 6212(a). In particular, Plaintiffs have not demonstrated that it is probable that they will succeed on the merits of their claims—indeed, they do not address this factor at all. The motion does little more than recite the allegations in the complaint, allegations that Defendants have denied. As previously noted, Plaintiffs have not supplied any other evidence in the form of declarations, affidavits, or exhibits to attempt to show a probability of success on the merits at this stage.

Moreover, Plaintiffs have not shown that grounds for attachment exist under C.P.L.R. § 6201(3). "[I]t is incumbent upon [Plaintiffs] to demonstrate that [Defendants are] acting with intent to defraud," and "the moving papers must contain evidentiary facts" to show this fraud. *Brastex Corp.*, 702 F.3d at 331-32. No such evidentiary facts have been articulated in Plaintiffs' submission. Rather, Plaintiffs provide a sparse recitation of certain alleged sales of properties by certain Defendants, and seem to suggest that the Court should piece together a picture of Defendants' intent to commit fraud. But "[f]raud is not lightly inferred," *id.*, and the mere fact that Defendants sold certain properties in the past, and rejected a demand from Plaintiffs to use the proceeds from those sales to repay Plaintiffs, does not meet the stringent standard for proving intent to defraud under C.P.L.R. § 6201(3).

To support their argument, Plaintiffs invoke the concept of "badges of fraud," which courts have developed to "establish the requisite actual intent to defraud" where direct proof of fraudulent intent is absent. *In re Kaiser*, 722 F.2d 1574, 1582 (2d Cir. 1983); *CF 135 Flat LLC v. Triadou SPV N.A.*, No. 15-cv-5345 (AJN), 2016 WL 5945912, at *10 (S.D.N.Y. June 24, 2016). Plaintiffs highlight one such "badge" in particular: "the family, friendship, or close associate relationship between the parties." ECF No. 54 at 9 (citing *In re Kaiser*, 722 F.2d at 1582-83). Courts in this Circuit interpret this badge of fraud to mean that "intrafamily transfers made without any signs of tangible consideration [are] presumptively fraudulent." *U.S. v. Alfano*, 34 F. Supp. 2d 827, 845 (E.D.N.Y. 1999). Case law regarding intrafamily transfers focuses not on situations where one family member harbors intent to defraud another family member, but rather on cases where a transfer made between family members is used to attempt to shield assets from creditors. *See, e.g.*, *Sullivan v. Kodsi*, 373 F. Supp. 2d 302, 307 (S.D.N.Y. 2005); *Cadle Co. v. Newhouse*, No. 01-cv-1777 (DC), 2002 WL 1888716, at *5 (S.D.N.Y. Aug. 16, 2002); *LB on behalf of PB v. Hines*, No. 15-cv-5238 (NSR), 2019 WL 3066427, at *8 (S.D.N.Y. July 12, 2019). That circumstance is easily distinguished from the case before us here; the fact that a transfer allegedly was made between different groups of family members does not increase the likelihood that certain family members involved in the transaction were themselves defrauded. The lack of evidence of intent to defraud at this stage provides a separate and independent ground for rejecting Plaintiffs' request for an order of attachment of the 11 Iron Latch Court property pursuant to C.P.L.R. § 6201(3).

## CONCLUSION

For the foregoing reasons, the Plaintiffs' motion for restraint and attachment of the

properties at 506 Piermont Avenue and 11 Iron Latch Court is GRANTED IN PART AND

DENIED IN PART.  The Clerk of Court is respectfully directed to terminate the motion at ECF

No. 54.

Dated: March 9, 2022
          White Plains, New York

                                             **SO ORDERED.**

                                             _____
                                             ANDREW E. KRAUSE
                                             United States Magistrate Judge