UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

SHUZHONG BAO, *et al.*,

                Plaintiffs,                **ORDER**

      -against-                        19-cv-8062 (AEK)

XUGUANG WANG *a.k.a.* JASON WANG, *et al.*,

                Defendants.

------------------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

In their post-trial briefing, the parties should address, among other things, the topics listed below. When making factual assertions or arguments regarding these points, the parties should refer specifically to particular pages of trial testimony or documents admitted in evidence at trial to support the points. The parties must not cite to documents that were not admitted in evidence.

1. During Mr. Wang's testimony, he claimed that the initial $600,000 in capital that came from China in connection with the Piermont project was from Shanghai Speed (Tr. at 295), and that Shanghai Speed held a 50 percent ownership interest in the Piermont project (Tr. at 333). Yet Mr. Wang also testified that Mr. Bao personally—and not Shanghai Speed—maintained a 50 percent ownership interest in the Piermont project (Tr. at 353-54). It cannot be the case that Mr. Bao personally, and Shanghai Speed as a corporate entity, held the same 50 percent ownership interest in the Piermont project. Please explain whether Shanghai Speed should be considered the 50 percent owner of the entities associated with the Piermont project, or whether Mr. Bao personally should be considered the 50 percent owner of those entities.

2. At various points, Defendants asserted that the reason why Mr. Bao could not be provided with documentation to show his ownership interest in the entities associated with the Piermont project was because a non-United States citizen could not be a holder of a liquor license in New York State, and because the presence of a non-United States citizen would have interfered with obtaining a loan from the U.S. Small Business Administration ("SBA"). Please provide legal support for these assertions, and discuss how these legal authorities apply to the corporate structures at issue in this matter.

3. If Mr. Wang was aware of the liquor license and SBA limitations, why would he have agreed to a contract that would have had as a key term a provision requiring documentation showing that Mr. Bao (or Shanghai Speed) was a 50 percent owner of the entities associated with the Piermont project?

4. Plaintiffs provided testimony and documentary evidence regarding the transfer of $267,000 from Mr. Bao's bank account to the bank account for Sunwoo Trade, Inc. What evidence, if any, exists in the record to provide an explanation for the transfer of these funds other than the explanation provided by Plaintiffs?

5. Defendants provided testimony and documentary evidence regarding how the initial $600,000 in capital that came from China in connection with the Piermont project was used for the project. What evidence, if any, exists in the record to provide an explanation for the use of these funds other than the explanation provided by Defendants?

6. What contractual terms, if any, govern the transfer of the additional $267,000 from Mr. Bao to Sunwoo Trade, Inc.?

7. There is no documentation that shows Mr. Bao (or Shanghai Speed) as the 50 percent owner of any of the entities associated with the Piermont project. Yet Mr. Wang testified that it continues to be his understanding that Mr. Bao is, in fact, the 50 percent owner of these entities. Is the lack of documentation of Mr. Bao's purported ownership interest sufficient to constitute a breach of contract, even though Mr. Wang admits that Mr. Bao is a 50 percent owner?

8. If I conclude that the money transferred to Mr. Wang in connection with the Piermont project constituted an investment, and I conclude that there was a breach of contract, what is the appropriate measure of damages for the breach? In particular, why would the appropriate measure of damages be the return of the full amount of Mr. Bao's investment? Please provide legal authority to support your positions on the appropriate measure of damages.

9. Why is Plaintiffs' unjust enrichment claim not simply duplicative of Plaintiffs' breach of contract claim?

10. Plaintiffs' central allegation of fraud (Compl. ¶ 81) is that they provided funds to Mr. Wang "based upon the Defendants' fraudulently induced representation that the Plaintiffs would be given the 50% shares of the companies." Why is the fraud claim not simply duplicative of the breach of contract claim?

As set forth in ECF No. 84, the deadline for submission of the parties' post-trial briefs is June 24, 2022.

Dated: May 18, 2022
      White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

3